UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CONNIE STAPLETON BURKE                                   Case No. 1:14-cv-132

       Plaintiff,                                                    Dlott, J.
                                                                           Bowman, M.J.
v.


COMMISSIONER OF SOCIAL SECURITY,

       Defendant.


**REPORT AND RECOMMENDATION**

Through counsel, an unsuccessful social security claimant initiated this appeal in order to challenge the Defendant's finding that he was not disabled.  *See* 42 U.S.C. §405(g).  After Plaintiff's mother was substituted as Plaintiff and filed a Statement of Errors, the Commissioner filed a motion to dismiss this case, asserting that this Court has no subject matter jurisdiction to review Mrs. Burke's claim seeking SSI benefits on behalf of her deceased son.  Plaintiff filed a response, to which the Commissioner has filed a reply.  For the reasons discussed below, the Defendant's motion to dismiss should be granted.

**I. Summary of Administrative Record**

Plaintiff's son David Burke was born in 1973 and died in January 2014.  Prior to his death, on July 28, 2009, he filed a claim for Supplemental Security Income ("SSI") benefits, alleging a disability onset date of September 2008. Mr. Burke had severe physical problems, along with a history of alcohol abuse and narcotic drug addiction. Plaintiff's claim was denied initially and on reconsideration, and he subsequently appeared at an evidentiary hearing before an administrative law judge ("ALJ"),

represented by different counsel than appears in this proceeding. After that hearing, based upon a conclusion that Plaintiff's limitations would be far less severe if he were not addicted to prescription pain medications, the ALJ concluded that Plaintiff was not disabled. (Tr. 20-34).

The Appeals Council subsequently denied Plaintiff's request for review, leaving the ALJ's written decision as the Commissioner's final determination. After the Appeals Council denied review, Mr. Burke passed away. The record reflects that the instant judicial appeal was filed by counsel in this Court on February 10, 2014 in Mr. Burke's name, without reference to the fact that his client was deceased.[1] A subsequent motion to substitute Plaintiff's mother on the claimant's behalf filed on June 18, 2014 revealed for the first time that the original Plaintiff died on January 27, 2014, *prior to* the filing of the complaint. On June 20, 2014, this Court granted both a motion to substitute Mr. Burke's mother as Plaintiff and a routine motion for an extension of time in which to file a Statement of Errors. (Doc. 8).

The "motion to substitute" Mr. Burke's mother as Plaintiff seeks past due SSI benefits to be used for the payment of her son's past medical bills, and/or to reimburse the Ohio Department of Job and family Services for medical expenses and disability assistance previously paid to Mr. Burke. (Doc. 6 at 1). In October 2014, in lieu of filing a substantive response to Plaintiff's Statement of Errors, Defendant instead filed a motion to dismiss this case on grounds that this Court lacks subject matter jurisdiction, because Mrs. Burke has no standing to pursue a judicial appeal on behalf of her deceased son.

---

[1] Given the close timing, the Court assumes that counsel was unaware of his client's death at the time the complaint was filed.

**II. Jurisdictional Analysis**

To be eligible for benefits, a claimant must be under a "disability" within the definition of the Social Security Act. See 42 U.S.C. §1382c(a). Pursuant to 42 U.S.C. §405(g), this Court has jurisdiction to review the timely appeal of a claimant who has been denied benefits. Here, however, the original claimant is deceased, having passed away before any judicial appeal was filed on his behalf. The Commissioner's motion persuasively challenges this Court's jurisdiction to review Mrs. Burke's appeal on her son's behalf, on grounds that Plaintiff lacks standing to pursue that appeal.

Whenever it is determined that the Commissioner has wrongfully paid less than the amount of disability benefits owed, including SSI, any underpayment is made to the claimant. If the claimant is deceased, the regulations provide for payment to be made instead to the claimant's surviving spouse, or if the claimant was a child, to his parents. 42 U.S.C. §1383(b)(1)(A); 20 C.F.R. §416.542(b). On the facts presented, Mr. Burke was not attempting to obtain SSI benefits for any period of time in which he was a child, and Plaintiff represents that her adult son was unmarried at the time of his death. (Doc. 6). Therefore, as the mother of an adult claimant, Plaintiff has failed to establish that she would be entitled to any of Mr. Burke's SSI benefits, even if she could show that the Commissioner's denial of her son's SSI application was not supported by substantial evidence - a claim that the Commissioner disputes.

Plaintiff asserted in her motion to substitute herself as Plaintiff that she would use any past due benefits to pay her son's medical bills and to reimburse the Ohio Department of Job and Family Services for medical expenses and disability assistance previously paid. (Doc. 6 at 1). However, there is no provision under the Social Security Act for surviving parents to be paid past-due benefits.

3

In response to the Commissioner's motion, Plaintiff argues that an SSI underpayment can be paid to a State or political subdivision under the regulatory scheme under certain circumstances, citing Program Operations Manual System ("POMS") SI 02101.00.  Plaintiff represents that her son previously received Medicaid and Disability Assistance benefits of $115.00 per month from the State of Ohio.  To the extent that standing remains a threshold issue, Plaintiff suggests that any jurisdictional defect could be remedied by amending the caption to reflect that the true Plaintiff is her deceased son, David Burke, by Connie Stapleton Burke, on behalf of the Ohio Department of Jobs and Family Services.

As the Defendant points out in its reply, however, the regulation on which Plaintiff relies is inapplicable on the record presented.  On its face, the regulation limits payment to "a State or political subdivision with written IAR [Interim Assistance Reimbursement] authorization…."  An IAR is a payment that the Social Security Administration (SSA) makes to reimburse a State that has provided interim assistance in cash or vendor payments to an individual for meeting basic needs.  (Doc. 16-1, POMS SI 02003.001A). In order to participate in the IAR program a State must have an IAR agreement with SSA plus a written authorization from the individual that allows the agency to reimburse the State from the claimant's SSI retroactive benefits payment.  *Id.*  Moreover, a valid IAR authorization must be signed and dated by both the claimant and the State, and sent to the Social Security Agency by the State no later than 30 calendar days after the date the individual claimant signed the authorization.  *Id.*  In this case, Plaintiff has failed to show that claimant David Burke ever provided a valid IAR authorization, or that the State of Ohio (or the Ohio Department of Jobs and Family Services) provided that authorization to the Social Security Agency.  Additionally, defense counsel represents

4

that counsel consulted with SSA and has been informed that there is no record that David Burke signed an IAR authorization prior to his death.  Even if the regulation were applicable, however, Plaintiff has failed to show that she, the claimant's mother, would have standing.  Unlike the theoretical claim that the Ohio Department of Jobs and Family Services might make upon any SSI that could have been awarded to David Burke, Plaintiff herself has no entitlement to any SSI benefits that might have been due to her adult son.  By its terms, the cited regulation confers standing only upon the State of Ohio or its representative agency under limited circumstances.

Plaintiff alternatively argues that the motion to dismiss should not be granted because it was somehow filed too late.  Plaintiff implies that the Commissioner waived the standing issue by failing to object to the original motion to substitute, and/or by failing to move to dismiss this lawsuit immediately after Plaintiff filed the Statement of Errors on June 23, 2014.  The undersigned's order granting the substitution of Plaintiff uses the language customarily used for routine unopposed motions, and indicates that the motion is being granted "with the consent of counsel for Defendant."  (Doc. 8).  Notwithstanding such mistaken early consent, however, Defendant correctly points out that the jurisdictional defect present in this case cannot be waived.[2]  Defendant's failure to file its motion to dismiss at an earlier date also is of no consequence.  The motion to dismiss was timely filed after Defendant was granted several routine (and also unopposed) extensions of time to file a response to Plaintiff's Statement of Errors.

**III. Conclusion and Recommendation**

For the reasons explained herein, **IT IS RECOMMENDED THAT**:

---

[2]The jurisdictional defect existed when the complaint was filed, since the named Plaintiff was deceased at the time.

1.  Defendant's motion to dismiss based upon Plaintiff's lack of standing and this Court's lack of jurisdiction (Doc. 14) should be GRANTED;

2. As no further matters remain pending for the Court's review, this case should be CLOSED.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CONNIE STAPLETON BURKE,  Case No. 1:14-cv-132

      Plaintiff,  Dlott, J.
  Bowman, M.J.

v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).